IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

**FILED**

JAN 0 7 2015

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| MARK MACY, | CV 14–18–H–DLC–RKS |
| Plaintiff, | |
| vs. | ORDER |
| SGT. POST, ALVIN FODE, and KRISTY COBBEN, | |
| Defendants. | |

United States Magistrate Judge Keith Strong entered his findings and recommendations in this case on November 17, 2014, recommending that Plaintiff Macy's Complaint be dismissed. Macy timely objected to the findings and recommendations on November 25, 2014, and so is entitled to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v.*

-1-

*Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). For the reasons listed below, the Court adopts Judge Strong's findings and recommendations in full.

In his Complaint, Macy pled violations of his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution stemming from the alleged denial of toilet paper on three occasions over the course of less than two months. Judge Strong found that such a sporadic denial did not constitute a cruel and unusual condition of confinement because it did not "result in the denial of the minimal civilized measures of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Furthermore, Judge Strong found that Macy's Fourteenth Amendment claim failed "because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Judge Strong ultimately found that Macy's Complaint failed to state a claim upon which relief may be granted.

In his objections, Macy insists that the denial of toilet paper rises to level of an Eighth Amendment violation, and states that while he would be willing to amend his Complaint "to omit the due process claim, . . . the cruel and unusual punishment claim should be heard by a jury." (Doc. 8.) Macy's contention is

unavailing – there simply is no indication that Defendants' alleged conduct, even taken as true, proceeded from a "state of mind . . . of deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (citations and internal quotation marks omitted). The record indicates that Montana State Prison officials distributed toilet paper to Macy at regular intervals each week, that adequate amounts of toilet paper were consistently provided, and that additional toilet paper was available for purchase if rationed amounts proved inadequate. Defendants' actions did not constitute indifference to inmate health, and did not foster cruel and unusual conditions of confinement. Because Macy indicates in his objections that he will persist with his Eighth Amendment claim, it is clear to the Court that the defects associated with his Complaint cannot and will not be cured.

Accordingly, IT IS ORDERED that Judge Strong's findings and recommendations (Doc. 7) are ADOPTED IN FULL. Macy's Complaint (Doc. 2) is DISMISSED. The Clerk of Court shall CLOSE this case and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The docket shall further reflect, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that an appeal of this decision would not be taken in good

faith.

DATED this 7th day of January, 2015.

_Dana L. Christensen_
Dana L. Christensen, Chief Judge
United States District Court